JOSEPH B. WILKINSON, APPELLANT, v. THE FIRST NATIONAL FIRE INSURANCE COMPANY OF WORCESTER, MASSACHUSETTS, RESPONDENT.

*Statute of limitations — Code, § 105 — not applicable to limitations imposed by contract — Policy of insurance — limitation of action on — effect of injunction restraining action upon policy.*

Section 105 of the Code providing, that when the commencement of an action shall be stayed by injunction or statutory prohibition, the time of the continuance of the injunction or prohibition shall not be part of the time limited for the commencement of actions, applies only to the limitations prescribed by the preceding sections, and not to limitations arising from the contract of the parties.

Accordingly, where a policy of insurance provided that no suit should be sustainable, unless commenced within the term of twelve months next after a loss, *held*, that no action could be brought thereon after the expiration of that term, even though the plaintiff had, during the said twelve months, been restrained by injunction from commencing an action thereon.

*Semble*, that in such a case the plaintiff must move to modify the injunction so that an action may be brought upon the policy, or else he must rely upon the undertaking given upon the issuing of the injunction.

APPEAL from a judgment in favor of the defendant, entered upon the report of a referee. The action was brought upon two policies of insurance issued by the defendant. The only question passed upon by the General Term, related to the effect of a clause contained in each of the policies, providing that no action should be sustained thereon, unless commenced within twelve months next after the loss. This action was not commenced until nearly three years after the loss. This delay was sought to be excused on the ground that the plaintiff's assignor, to whom the policies were issued had, during that period, been restrained by injunction from maintaining an action thereon. This injunction was granted in an action commenced by the Cambridge Valley National Bank against the plaintiff's assignor, the bank claiming that the policies had been assigned to, and belonged to it. Prior to the service of this injunction an assignment of the policies to the plaintiff had been executed, but not delivered, subsequently the action brought by the bank was discontinued and the assignment of the policies was then delivered to the plaintiff, who, thereupon, commenced this action.

*Esek Cowen*, for the appellant.

*D. M. Westfall*, for the respondent.

LEARNED, P. J.:

Is this action barred by the limitation in the policies? A condition of this kind, it is settled, bars an action unless waived. (*Ripley* v. *Ætna Ins. Co.*, 30 N. Y., 136; *Roach* v. *N. Y. and E. Ins. Co.*, 30 id., 546; *Mayor* v. *Hamilton Ins. Co.*, 39 id., 46; *Riddlesbarger* v. *Hartford Ins. Co.*, 7 Wall., 386, and cases there cited.)

The plaintiff insists that he has been restrained by injunction from bringing any action; that during such restraint the time of

limitation did not run, and that therefore it has not expired. And so the learned referee held; applying to this case section 105 of the Code. That section is found in chapter 2; the previous sections of which provide for the time of commencing actions other than for the recovery of real property. It enacts that when the commencement of an action shall be stayed by injunction or statutory prohibition, the time of the continuance of the injunction, or prohibition, shall not be part of the time limited for the commencement of the action. Now, this expression " time limited for the commencement of the action," evidently refers to the limitations prescribed by the preceding sections; that is, to the statutory limitations. It is like the several exceptions contained in sections 101 to 104; such as the case of a party being under age, and the like. These all are exceptions to the statutory limitations. They are enacted, not with reference to any limitation by contract, but with reference to the subject of that chapter.

In one case a similar question has been decided. Section 104 enacts that, when an action shall be commenced within the prescribed time, and the judgment shall have been reversed, the plaintiff may commence a new action within one year. In Missouri a similar provision allows a party who suffers a nonsuit to bring a new action within one year. In the case of *Riddlesbarger* v. *Hartford Ins. Co.* (*ut supra*), it was claimed that this provision relieved the plaintiff from the effect of a limitation in a policy of insurance similar to that in question. The plaintiff had commenced one action within the year limited by the insurance policy, and the action then pending within one year after the dismissal of the former.

But the court held otherwise. They said: " The rights of the parties flow from the contract. That relieves them from the general limitations of the statute, and, as a consequence from its exceptions also. * * * The contract declares that an action shall not be sustained unless *such* action, not some previous action, shall be commenced within the period designated. It makes no provision for any exception, in the event of the failure of an action commenced; and the court cannot insert one without changing the contract. * * * The commencement, therefore, of the present action within the period assigned, was a condition essential to the

plaintiff's recovery." That language applies here. This present contract makes no provision for any exception, in the event of a restraint by injunction; and the court cannot insert one without changing the contract.

It may be said that it is unjust that the plaintiff should be barred, when he could not have sued without a violation of the order of the court; and that, by *equitable analogy*, the exception of the statute should be applied. But the same argument applied with equal force, in the case last cited; and it was not allowed to prevail. We ought, therefore, to consider that decision as authoritative on this question.

If it should be asked, what remedy a party, thus enjoined, has against the danger of losing his right of action; it may be suggested that he could move to modify the injunction so that he might sue; or he might rely upon the undertaking given on obtaining the injunction, should he lose his right of action by means of the restraint. But even if he be remediless, his loss is due to a contract which he has voluntarily made.

I come to this conclusion with reluctance. It seems to me to show the evil of holding such limitations valid. But it is too late to question their validity, until legislatures shall interfere.

In this view it becomes unnecessary to examine whether or not the plaintiff's assignor was in fact restrained from bringing an action, or any of the other qustions in the case, which are thoroughly examined in the able opinion of the learned referee.

I think that the judgment should be affirmed for the reason above stated.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Judgment affirmed, with costs.